UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>ACTIVE NETWORK, LLC,<br><br>Defendant. | Case No. 4:22-cv-00898-ALM |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY**

Plaintiff Consumer Financial Protection Bureau ("Bureau") opposes Defendant Active Network, LLC's ("Active's") Motion to Stay Discovery, Dkt. 30. Active has not shown that a stay is warranted or that its motion to dismiss is anything other than ordinary.

Active acknowledges that under normal rules this case should not be stayed: "discovery stays are not typically entered based solely on the filing of a motion to dismiss . . . ." Dkt. 30 at 1. Active suggests that special rules should apply to it because it "challenges the CFPB's authority to institute this action," *id.*, but there is nothing exceptional about the arguments Active has raised in its motion to dismiss. Active's arguments—including its attempt to identify some continuing problem with the Bureau's funding, just weeks after the Supreme Court upheld that funding—merely go to whether the Complaint fails to state a claim under Rule 12(b)(6). Nothing would justify departing from what Active itself admits is the "typical[]" practice of allowing discovery to proceed while a motion to dismiss is pending. *See id.*

## I. Procedural Background and Relevant Facts

The Bureau filed its Complaint and a First Amended Complaint ("FAC") on October 18, 2022.[1] This Court stayed the case on November 29, 2022 while *CFPB v. Community Financial Services Association of America, Ltd.*, 601 U.S. 416 (2024), which asserted a constitutional challenge to the Bureau's funding mechanism, was pending before the Supreme Court. Dkt. 14. The stay expired on May 17, 2024, upon the Supreme Court's ruling in favor of the Bureau. Active filed a motion to dismiss on June 17, 2024, and a motion to stay discovery on June 21, 2024. Active has continued to engage in the same deceptive and abusive acts and practices throughout the Bureau's investigation and during this litigation. Since the stay took effect, consumers have lodged over 700 new complaints against Active, overwhelmingly in relation to the Active Advantage product. *See* Exhibit A, Declaration of Investigator Theresa Ridder.

## II. Legal Standard

"There is no basis in the Federal or Local Rules for a Court to stay discovery pending a ruling on a motion to dismiss." *Butowsky v. Folkenflik*, No. 4:18cv442-ALM-CMC, 2019 WL 6701629, at *3 (E.D. Tex. Jan. 9, 2019). Within the Fifth Circuit, "staying discovery while a motion to dismiss is pending is the exception rather than the rule." *Id.* (internal quotation omitted); *see also X Corp. v. Media Matters for America*, No. 4:23-cv-01175-O, 2024 WL 1895255, at *1 (N.D. Tex. Apr. 26, 2024) (noting that a stay of discovery is an extraordinary step that is not automatically granted whenever a motion to dismiss is pending). In fact, under Local Rule CV-26, "the presumption is that discovery shall proceed notwithstanding the filing of a motion to dismiss." *Butowsky*, 2019 WL 6701629, at *3. District courts have discretion to stay

[1] The Bureau immediately amended the Complaint to remove a supervisory attorney who was incorrectly included. For the sake of simplicity, the Bureau refers to the FAC simply as "the Complaint" in the remainder of this briefing.

discovery "upon a showing of 'good cause' by the movant." *Id.*; *see also Von Drake v. National Broadcasting Co.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (quoting Fed. R. Civ. P. 26(c)).

A court may find there is good cause to stay discovery "when there is a clear case of hardship or inequity in being required to go forward." *X Corp*., 2024 WL 1895255, at *1 (internal quotation omitted). In analyzing whether to grant a discretionary stay, courts rely on three factors: "(1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay." *Id.* (quoting *Van Drake*, 2004 WL 1144142, at *1). The burden of showing good cause rests with the party seeking the stay. *Id.*

## III. Argument

Active's motion to stay discovery should be denied because it is unlikely to succeed in its motion to dismiss and because Active has failed to present persuasive evidence regarding the breadth of the discovery sought or the burden of responding to that discovery. Staying this matter would also prejudice the Bureau and is against the public interest.

### A. Active's motion to dismiss is likely to be denied.

In its motion to dismiss, Active raises numerous unpersuasive arguments as to why the Court should dismiss this case. The Bureau's Opposition to Active's motion, which is being filed concurrently with this brief, thoroughly addresses the weaknesses of Active's motion to dismiss and explains why this Court should reject Active's arguments, and thus why Active is unlikely to prevail. *See* Dkt. 38. In short, the Bureau's Complaint plainly and plausibly pleads Active's violations of the CFPA and EFTA and it gives Active fair notice of the Bureau's claims and the facts on which those claims rest. The Complaint plausibly alleges that Active is a covered person

under the CFPA because it engages in the offering or providing of payment processing services to and for use by consumers and does not qualify for the merchant exception; it also plausibly alleges that Active violated the CFPA by engaging in deceptive and abusive acts and practices and violated EFTA by failing to provide certain required notices. None of the Bureau's claims—which involve ongoing violations—are barred by any applicable statute of limitations. And lastly, Active's eleventh-hour argument that there is a defect within the Bureau's funding mechanism that the Supreme Court just upheld is incorrect and unfounded. So, notwithstanding Active's belief that it has grounds to dismiss this case, neither the facts nor the law supports that conclusion and "a stay should not be granted simply because a party believes it will prevail on its dispositive motion." *X Corp*., 2024 WL 1895255, at *2.

**B. Active fails to present any evidence that the Bureau's future discovery requests will be overbroad.**

In its motion to stay discovery, Active completely fails to identify any discovery requests (or likely future requests) that are overly broad and asserts an unconvincing argument that it would suffer an undue burden. And for good reason: the Bureau has not yet served any discovery requests on Active and has only provided a list of topics pursuant to Rule 26(f) on which it will seek discovery. Active's failure to show any overbreadth in discovery or otherwise abusive litigation tactics is fatal to its motion.

Instead, Active notes that the Bureau obtained some documents and other information during its administrative investigation, and appears to take issue with the Bureau's intent to seek discovery in this litigation regarding "matters relevant to [the Bureau's] claims or Active's defenses . . . ." Dkt. 30 at 6. Yet Active fails to provide any explanation *why* that would amount to overbroad discovery or *why* that would constitute an undue burden sufficient to justify staying this case. Rather, Active offers a mere conclusory statement that the Bureau's yet-to-be-

presented discovery requests are burdensome without asserting any facts to support that claim. But a party seeking a stay must make a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *X Corp.*, 2024 WL 1895255, at *1 (quoting *Sneed v. Abbot*, No. 21-279-JWD-RLB, 2021 WL 2877239, at *5 (M.D. La. June 29, 2021)).

In *Griffin v. American Zurich Insurance Company*, the court denied a very similar motion to stay discovery because the defendants did "not present evidence regarding the breadth of any discovery that is being sought or the burden of responding to that discovery, or any abusive litigation tactics by the plaintiff." No. 3:14-cv-2470-P, 2015 WL 11019132, at *3 (N.D. Tex. Mar. 18, 2015). Active's only argument regarding burden is a recitation of the Bureau's statement under section 7 of the 26(f) report, which merely lists subjects on which discovery may be needed, as required by the federal rules. *See* Dkt. at 30-1; *see also X Corp.*, 2024 WL 1895255, at *4 (arguments about the "usual inconveniences and costs that are associated with discovery practice" are insufficient to determine a discovery request is overbroad) (internal quotation omitted). This is a far cry from the "particular and specific demonstration of fact" the law requires. *X Corp.*, 2024 WL 1895255, at *1 (quoting *Sneed*, 2021 WL 2877239, at *5).

**C. Active Fails to Establish Any Burden Relating to Responding to the Bureau's Future Discovery Requests.**

Consistent with its failure to identify discovery requests (or even discovery topics) that are overly broad, Active also fails to establish—or even allege—any burden whatsoever in responding to future discovery requests. *X Corp.*, 2024 WL 1895255, at *5 ("[T]he party resisting discovery bears the responsibility of actually establishing the undue burden."). Other than speculating that the Bureau "would continue to pursue burdensome discovery from Active," Dkt. 30 at 6, there is no actual mention of any burden related to the Bureau's forthcoming

discovery requests. Active has failed to explain to the Court or to the Bureau how it "will suffer unique hardship if discovery proceeds in this matter." *Ashford Inc. v. Unite Here*, No. 3:15-cv-0262-M, 2015 WL 11121019, at *2 (N.D. Tex. May 12, 2015) (denying motion to stay discovery because defendant failed to establish burden associated with complying with discovery). And without articulating any hardship in complying with discovery, Active cannot meet its obligation to demonstrate undue burden that would justify the extraordinary remedy of staying discovery pending a motion to dismiss. *X Corp*., 2024 WL 1895255, at *5.

This Court should deny Active's motion to stay discovery, as it has failed to present evidence regarding the breadth of discovery or the burden of responding to that discovery. *See Griffin*, 2015 WL 11019132, at *3.

**D. A Second Stay Would Harm the Public and the Bureau.**

Active argues that a stay of discovery would not harm the public or the Bureau since this case was already stayed from November 2022 to May 2024, while the Supreme Court considered the constitutional validity of the Bureau's funding structure. Dkt. 30 at 7. Contrary to Active's suggestion, the fact that this case was stayed for roughly a year and a half to await the Supreme Court's ruling in *CFPB v. CFSA*, 601 U.S. 416 (2024), weighs heavily *against* the additional delay that Active seeks—it does not support it.

The Bureau consented to a stay in 2022 because, as Active notes, Circuit precedent at that time called into doubt the Bureau's ability to proceed. That precedent has since been overturned. *See CFSA v. CFPB*, --- F.4th ---, 2024 WL 3050705, at *1 (5th Cir. June 19, 2024) ("We render judgment in favor of Defendants declaring that the Bureau's funding structure . . . is constitutional."). Active gives no explanation why its new claim about the Bureau's funding, justifies this public enforcement action being further delayed.

Not only is there no basis for staying discovery while Active's motion to dismiss is pending, a stay would harm consumers. During the year and a half this case was stayed, Active continued to take advantage of consumers, continuing to engage in the violations alleged in the Bureau's Complaint. Since this Court first stayed this case in November 2022, consumers have lodged over 700 *new* complaints against Active, at least 500 of which relate to unrecognized charges from Active on the consumers' debit or credit card accounts. *See* Exhibit A. Any further delay in beginning discovery will delay the final disposition of this case and extend the period of Active's unlawful sales tactics that harm consumers.

Additionally, the Bureau would be prejudiced by a stay of discovery because courts have recognized that delays related to stays "give[] rise to fading memories, lost or misplaced documents, changes in relevant personnel, new computer systems, and similar concerns about access to relevant evidence." *Cooper v. Alexandria Healthcare, L.L.C.*, NO. 1:23-CV-01813, 2024 WL 2060147, at *2 (W.D. La. May 8, 2024) (denying motion to stay discovery); *see also Dillon v. BDI Pharma, Inc.*, No. 3:18-2058-MGL, 2019 WL 3006777, at *2 (D.S.C. Feb. 12, 2019) (denying defense motion to stay discovery; noting the matter had been pending for over a year and declaring that "courts have long observed that as time passes, cases can become more difficult to try because witnesses relocate, documents are lost, and memories fade").

This case has already been stayed for 18 months, during which consumers have continued to be harmed by Active's deceptive practices and evidence has become vulnerable to loss. Any further delays would not be in the public's interest.

## IV. Conclusion

Because Active has not met its burden to justify a stay and consumers continue to be harmed by its deceptive tactics, the Bureau respectfully requests that the Court deny Active's Motion to Stay Discovery.

Dated: July 15, 2024

Respectfully Submitted,

Consumer Financial Protection Bureau

ERIC HALPERIN
Enforcement Director

RICHA S. DASGUPTA
Deputy Enforcement Director

KATHLEEN A. CONNOLLY
Assistant Deputy Enforcement Director

/s/ *Christopher D. Jackson*
Christopher D. Jackson*
Senior Litigation Counsel
Virginia Bar No. 75027
Telephone: 202-435-5240
Email: christopher.jackson@cfpb.gov

Lindsey M. Siegel*
Senior Litigation Counsel
Georgia Bar No. 730072
Telephone: 202-407-0498
Email: lindsey.siegel@cfpb.gov

J. Khalid Hargrove*
Senior Litigation Counsel
DC Bar No. 989615
Telephone: 202-595-4944
Email: jimmy.hargrove@cfpb.gov

1700 G Street, NW
Washington, DC 20552

*Attorneys for Plaintiff*
*Consumer Financial Protection Bureau*

*Approved to appear *pro hac vice*

**CERTIFICATE OF SERVICE**

I certify that on July 15, 2024, I electronically filed Plaintiff's Opposition to Defendant's Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

/s/ *Christopher D. Jackson*
Christopher D. Jackson