**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **CONSUMER FINANCIAL PROTECTION BUREAU,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:22-cv-00898-ALM** |
| | ) | |
| **ACTIVE NETWORK, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY**

Defendant Active Network, LLC ("Active") files this Reply in support of its Motion to Stay Discovery (ECF No. 30). Active requests a temporary stay of discovery for only the limited time necessary for the Court to rule on Active's pending Motion to Dismiss the First Amended Complaint ("Motion to Dismiss") (ECF No. 28). Active's request makes legal and practical sense, as the Court's ruling will likely dispose of this case in its entirety or meaningfully reduce the parties' discovery obligations. Active has also shown good cause for a stay of discovery given the unique circumstances of this case. As explained in Active's Motion to Dismiss, the CFPB has brought time-barred and *ultra vires* claims. These are fundamental, incurable defects. Active should therefore not be forced to suffer the burden of discovery until resolution of its Motion to Dismiss.

**A. A Stay of Discovery is Warranted in This Case.**

A stay of discovery is "appropriate where the disposition of a motion to dismiss 'might preclude the need for the discovery altogether thus saving time and expense.'" *Von Drake v. Nat'l Broad. Co., Inc.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (quoting *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990)).

Active's Motion to Dismiss raises multiple dispositive arguments, the success of any of which will eliminate the need for discovery, which warrants a temporary stay of discovery. *See* ECF No. 28; ECF No. 30 at 3-6. As more thoroughly explained in Active's Motion to Dismiss (ECF No. 28) and Reply in support (filed contemporaneously with this Reply), the CFPB's claims are time-barred and *ultra vires*, and funded in a manner contrary to statute. In short, the CFPB has *no authority* to bring the action against Active at all. Notably, this same funding issue Active raises in its Motion to Dismiss is also being litigated in this District in *Acima Digital LLC v. CFPB*, No. 4:24-cv-00662 (E.D. Tex. July 22, 2024). These threshold challenges are the exact scenarios in which courts grant motions to stay discovery pending motions to dismiss. *See, e.g.*, ECF No. 30 at 6 (citing cases). Accordingly, a temporary stay of discovery is proper pending the resolution of Active's Motion to Dismiss.

**B. Permitting Discovery Pending Active's Motion to Dismiss Will Impose Undue Hardship.**

Contrary to the CFPB's argument in its Opposition (ECF No. 39 at 5-6), the CFPB does not need to serve specific discovery requests for Active to sufficiently demonstrate Active will suffer undue hardship should discovery proceed pending the Court's ruling on its Motion to Dismiss.

The CFPB made clear at the Rule 26(f) Conference that it will continue to pursue burdensome discovery from Active regarding all matters relevant to its claims or Active's defenses. *See* ECF No. 30 at 6-7; Gordon Declaration ¶ 7, ECF No. 30-1. The CFPB's Initial Disclosures further evidence these intentions and reveal that despite the substantial evidence already produced, the CFPB intends to depose at least ten of Active's employees, independent contractors, and agents; seek discovery from at least six third-party financial institutions with whom Active has done business with; seek discovery from at least five of Active's current or

former business clients; and seek discovery from at least nine federal, state, and local consumer protection agencies. *See* **Exhibit 1**, CFPB's Initial Disclosures at 2-6. The CFPB's position at the 26(f) Conference and the CFPB's Initial Disclosures make a particular and specific demonstration of fact as to the undue burden discovery will impose upon Active if permitted pending the resolution of its Motion to Dismiss. *See Est. of Brown v. Ogletree*, No. CV H-11-1491, 2011 WL 13318529, at *3 (S.D. Tex. Dec. 15, 2011) (holding that plaintiff's initial disclosures listing twenty individuals as having knowledge of facts related to the case demonstrated "immediate and burdensome ramifications for Defendants"). Thus, a temporary stay of discovery is proper pending Active's Motion to Dismiss.

### C. The CFPB's Claim that a Stay of Discovery Will Unduly Prejudice the CFPB and the Public is at Odds with the Posture of This Case and Its Prior Position.

The CFPB asserts that it previously "consented to a stay in 2022 because . . . Circuit precedent at that time called into doubt the Bureau's ability to proceed." ECF 39 at 6. Although the Supreme Court vacated that precedent in *CFPB v. Cmty. Fin. Servs. Ass'n of Am., Ltd.*, 601 U.S. 416 (2024) ("*CFSA*"), Active now raises a separate funding issue based on the Supreme Court's reasoning that equally threatens the CFPB's ability to proceed. The Supreme Court's opinion in *CFSA* explains that "*surplus* funds" destined for the Treasury are the *only* legitimate source of funding under the CFPA. *See* ECF No. 28 at 22-24; ECF 30 at 8; *see also CFSA*, 601 U.S. at 425 (emphasis added). However, the CFPB is currently being funded even though *no* surplus exists. As a result, the Supreme Court's reasoning seriously undermines the CFPB's ability to proceed.

Further, the CFPB and the public will not be unduly prejudiced as the CFPB alarms because Active's request for a discovery stay is of limited duration, seeking a stay only for the time necessary for the Court to rule on Active's Motion to Dismiss. *See Von Drake*, 2004 WL 1144142,

at *2 (holding a stay was warranted where "Plaintiff has not shown that a temporary stay of discovery will substantially or unduly delay the litigation should his claims survive summary dismissal."). Any concern of hundreds of "new complaints" accruing during this temporary stay is misplaced and unsubstantiated.

Moreover, a temporary stay will not hinder the CFPB's ability to pursue its claims because it already obtained substantial discovery through its pre-litigation administrative investigation, resulting in access to over 860 documents, interrogatory responses, and three investigative hearings. ECF No. 30 at 2, 6-7; *see also United States v. Strother*, No. 1:16-CV-00007, 2016 WL 11614623, at *1 (E.D. Tex. Dec. 2, 2016) (holding that "there is no apparent prejudice to [the parties] in staying discovery at this time" where the parties had sufficient evidence to prepare summary judgment motions). Likewise, contrary to the CFPB's argument, a temporary delay in beginning discovery will not lead to concerns about access to relevant evidence nor meaningfully delay the final disposition of this action. *See Earl v. Boeing Co.*, 21 F.4th 895, 900 (5th Cir. 2021) (granting motion to stay where the district court and plaintiffs "cited generalized concerns about spoliation of evidence and avoiding significant delay . . . but neither the district court nor the plaintiffs have identified any specific prospective threat of spoliation"). Should any of the CFPB's claims survive dismissal (which is unlikely), it will certainly be able to conduct discovery on those claims following the Court's ruling. Therefore, a temporary stay of discovery is proper pending Active's Motion to Dismiss.

**D. A Stay is Also Warranted in the Interest of Justice and Judicial Economy.**

Granting a stay of discovery would also promote the Court's, the parties', and the public's interests in judicial economy and efficiency. It is well established in this jurisdiction that a stay is warranted if any additional evidence will not aid the Court in adjudicating a pending motion to

dismiss. *Spadafora v. Hotel Rsrv. Serv., Inc.*, No. 4:23-CV-735, 2023 WL 11762558, at *1 (E.D. Tex. Dec. 29, 2023); *Schoen v. Underwood*, No. 6:11-CV-00016, 2011 WL 13238322, at *1 (W.D. Tex. July 18, 2011) (holding good cause exists when "further discovery will impose undue burden and expense without aiding the resolution of [pending] dispositive motions").

This is the case here. Any additional evidence will not aid the Court in resolving Active's Motion to Dismiss because the "issues addressed in the motion to dismiss are largely legal, rather than factual, in nature." *Spadafora*, 2023 WL 11762558, at *1. And the CFPB has "identified no discovery, additional to that which Defendant[] ha[s] provided already, that would assist the Court in deciding this motion." *Ogletree*, 2011 WL 13318529, at *3 (staying discovery until the court rules on the pending motion to dismiss). Any potential prejudice caused by a brief delay under these circumstances (which there is none) would be far outweighed by the benefits of the likely conservation of resources. Good cause exists to stay discovery pending the outcome of Active's Motion to Dismiss, and in the interest of justice and judicial economy, Active's Motion to Stay should be granted.

## **CONCLUSION**

For the foregoing reasons, Active's Motion to Stay Discovery should be granted.

Dated: July 29, 2024

Respectfully submitted,

/s/ *Clayton E. Bailey*
Clayton E. Bailey
Texas State Bar No. 00796151
cbailey@baileybrauer.com

**BAILEY BRAUER PLLC**
8350 N. Central Expressway, Ste 650
Dallas, Texas 75206
(214) 360-7424
Telephone: (214) 360-7433
Facsimile: (214) 360-7435

**VENABLE LLP**

Leonard L. Gordon (*pro hac vice*)
151 W 42nd Street
New York, New York 10036
(212) 307-5500
LLGordon@Venable.com

Benjamin E. Horowitz (*pro hac vice*)
600 Massachusetts Avenue NW
Washington, DC 20001
BEHorowitz@Venable.com

Elizabeth C. Rinehart (*pro hac vice*)
750 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 244-7400
ECRinehart@Venable.com

*Counsel for Defendant Active Network, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2024, a copy of the foregoing was served on all parties through the Court's electronic filing system.

*/s/ Clayton E. Bailey*

# Exhibit 1

THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>ACTIVE NETWORK, LLC,<br><br>Defendant. | Case No. 4:22-cv-00898-ALM |

**PLAINTIFF'S INITIAL DISCLOSURES**

Plaintiff Consumer Financial Protection Bureau ("Bureau") makes these initial disclosures to Defendant Active Network, LLC ("Active"), pursuant to Fed. R. Civ. P. 26(a)(1). The Bureau reserves the right to clarify, revise, or correct any of these disclosures at any time. The Bureau will supplement these disclosures, as necessary, pursuant to Fed. R. Civ. P. 26(e). No information contained in these disclosures should be construed as a waiver of privilege. This information is being supplied for discovery purposes only under the requirements of Fed. R. Civ. P. 26(a)(1)(A) and should not be shared, filed in Court, or made publicly available unless all personally identifiable information has been redacted.

**I. The Correct names of the parties to the action.**

The parties are named correctly in the case caption above.

**II. The name and, if known, the address and telephone number of any potential parties to the action.**

At this time, the Bureau is not aware of any potential additional parties to the action.

## III. Rule 26(a)(1)(A)(i): name, address, and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

The descriptions below indicate the individuals, companies, agencies, or organizations that are likely to have discoverable information that the Bureau may use to support its claims, the subjects of the discoverable information that they are likely to have, and if known, their addresses and phone numbers. Due to the ongoing nature of the Bureau's investigatory work, the list below should not be read to limit the subject matter(s) about which particular individuals may have discoverable information. This list does not include any potential experts the Bureau may consult or retain in the future. If applicable, the Bureau will provide information related to experts under Fed. R. Civ. P. 26(a)(2).

### A. Active and its Employees, Independent Contractors, and Agents

Subjects: Active's business operations and practices; policies and procedures; organization; finances; interactions and communications with consumers; interactions and communications with non-consumer customers (clients); interactions with financial institutions; and chargebacks. The Bureau anticipates identifying additional individuals not named below who, through discovery and investigation, it determines may have discoverable information.

The names and contact information of these individuals is within Defendant's custody and control. The individuals the Bureau has identified to date are:

1. Mike Bowman, Vice President, Client Services
2. Kevin Farmer, Vice President, Sales
3. Eric Ives, President
4. Katelyn Jeffs, Technical Support Manager
5. Micah Kropp, Senior Director of Global Partnerships & Digital Strategy
6. Vikas Nayar, Senior Vice President, IT Operations
7. Nick Stevens, Senior Director, Product Management
8. Derek Story, Vice President, Product Management

9. Christina Weitzel, Senior Director, Marketing

**B. Former Active Employees**

Subjects: Active's business operations and practices; policies and procedures; organization; finances; interactions and communications with consumers; interactions and communications with non-consumer customers (clients); interactions with financial institutions; and chargebacks. The Bureau anticipates identifying additional individuals not named below who, through discovery and investigation, it determines may have discoverable information.

1. Doug Pursley, former Director of Active Advantage, (612) 801-4024, djpursley@gmail.com

**C. Global Payments, Inc. Employees, Independent Contractors, Former Employees, and Agents**

Subjects: Active's business operations; acquisition of Active; tracking of Active metrics; relationships with financial institutions regarding Active; policies and practices regarding the Active business; interactions and communications with consumers about Active's products; interactions and communications with non-consumer customers (clients) about Active's products; and chargebacks of Active's products. The Bureau anticipates identifying individuals who, through discovery and investigation, it determines may have discoverable information.

**D. Financial Institutions with Whom Active Has Done Business**

Subjects: Active's financial operations, transactions with consumers, chargeback rates, risk analysis, and payment processing activities. The names of these entities, as well as their contact information, are within the custody and control of Active. The Bureau anticipates identifying additional institutions not named below who, through discovery and investigation, it determines may have discoverable information.

1. American Express employees and agents

2. Bank of America, N.A.
3. Capital One, N.A.
4. Citibank, N.A.
5. JPMorgan Chase Bank, N.A.
6. Wells Fargo Bank, NA employees and agents

**E. Current or Former Business Clients of Active (i.e., organizers of races, events, camps, etc.)**

Subjects: Active's clients and their employees and agents are likely to have discoverable information that the Bureau may use to support its claims, including information related to consumer complaints, client complaints, and Defendant's business operations. The names of these entities, as well as their contact information, are within the custody and control of Active. The Bureau anticipates identifying additional entities or businesses not named below who, through discovery and investigation, it determines may have discoverable information.

1. Girl Scouts Carolinas Peaks to Piedmont, Inc.
2. Rock 'n' Roll Marathon Series
3. USA Triathlon
4. Walt Disney Parks and Resorts U.S., on behalf of RunDisney
5. YMCA of Metropolitan Los Angeles

**F. Affected Consumers**

Subjects: Certain consumers who were registered for Active Advantage through an inserted offer are likely to have discoverable information that the Bureau may use to support its claims, including information regarding Active's business practices and activities, Active's interaction with consumers, Active's order flow process and disclosures, Active's marketing and email communications, Active's handling of consumer complaints regarding unwanted Active Advantage memberships, Active's handling of consumer requests to cancel their Advantage membership and/or receive refunds, and injuries to consumers from Active's deceptive conduct. The Bureau has received some information from Active about Active Advantage consumer

complaints and has received Active Advantage-related complaints directly from consumers. The Bureau anticipates identifying specific consumers who may have discoverable information the Bureau may use in support of its claims based on consumer complaints. When the Bureau identifies those specific consumers, it will provide that information to Defendant by supplementing its disclosures in accordance with Fed. R. Civ. P. 26(e).

**G. Federal, State, and Local Consumer Protection Agencies/Businesses**

Subjects: The below-listed federal, state, and local governmental agencies and consumer protection organizations, and their employees and agents, are likely to have discoverable information that the Bureau may use to support its claims, including but not limited to information regarding Active's business operations, policies, procedures, practices, organization, finances, interactions with consumers, injuries to consumers, actions taken by the agency/entity, and communications with Active and its employees and agents.

| Name | Address | Phone Number |
|---|---|---|
| State of California Department of Justice, Public Inquiry Unit | PO Box 944255<br>Sacramento, CA 94244 | (916) 210-6276 |
| Office of the District Attorney of San Diego County, California | 330 W. Broadway<br>San Diego, CA 92101 | (619) 531-4040 |
| Office of the District Attorney of Alameda County, California | 1225 Fallon Street, Suite 900,<br>Oakland, CA 94612 | (510) 272-6222 |
| Office of the District Attorney of Sonoma County, California | 600 Administration Drive,<br>Room 212J<br>Santa Rosa, CA 95403 | (707) 565-2311 |
| State of Iowa Office of the Attorney General | Hoover State Office Building<br>1305 East Walnut Street<br>Des Moines, IA 50319 | (515) 823-9109 |
| Office of the Vermont Attorney General | 109 State Street<br>Montpelier, VT 05609 | (802) 828-3171 |
| Office of Attorney General, Commonwealth of Pennsylvania | 16th Floor, Strawberry Square,<br>Harrisburg, PA 17120 | (717) 787-3391 |

| | | |
|---|---|---|
| Federal Trade Commission | 600 Pennsylvania Avenue, NW, Washington, DC 20580 | (202) 326-2222 |
| Better Business Bureau | 4747 View Ridge Avenue San Diego, CA 92123 | (858) 496-2131 |

**IV. The authorizations described in Local Rule CV-34.**

These authorizations do not apply to the Bureau in this litigation.

**V. Rule 26(a)(1)(A)(ii): a copy—or description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

The Bureau may use the following categories of documents, electronically stored information, and tangible things in its possession, custody, or control to support its claims:

- Documents (including electronically stored information) and responses to interrogatories and written reports produced to the Bureau by Active during the Bureau's investigation of Active.
- Transcripts of investigational hearings conducted by the Bureau during the Bureau's investigation of Active.
- Documents (including electronically stored information) and responses to interrogatories produced to the Bureau by third parties during the Bureau's investigation of Active, including financial institutions, former and current business partners, and federal, state, and local consumer protection agencies.
- Documents (including electronically stored information) concerning consumer complaints about Active relating to the practices alleged in the Complaint.

All of the above categories of documents are located at the Bureau's offices at 1700 G Street, NW, Washington, DC 20006.

**VI. Rule 26(a)(1)(A)(iii): a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Under the Consumer Financial Protection Act, the Bureau may seek any appropriate legal or equitable relief with respect to violations of Federal consumer financial law, including rescission or reformation of contracts, the refund of moneys paid, restitution, disgorgement or compensation for unjust enrichment, limits on the activities of a person, and civil money penalties. 12 U.S.C. § 5565(a).

The Bureau expects that the full extent of appropriate monetary relief will be revealed through discovery. Based on information currently available to it, the Bureau estimates that redress for Active's conduct is likely to be at least $47 million, plus prejudgment interest.

The Bureau also seeks other relief against Active, including injunctive relief, civil money penalties, and costs. Under the Consumer Financial Protection Act, penalties are calculated on a per-day basis in three tiers that depend on a defendant's mens rea. *See* 12 U.S.C. §§ 5564(a), 5565(a)(2)(H), 5565(c)(2); 12 C.F.R. § 1083.1(b) (2024). The Bureau expects that information necessary to calculate the amount of the civil money penalty, including the period of time during which the violations occurred and Active's degree of scienter with respect to the violations, will be revealed through discovery.

**VII. Rule 26(a)(1)(A)(iv): for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgement in the action or to indemnify or reimburse for payments made to satisfy the judgement.**

This provision is inapplicable to the Bureau.

Dated: July 12, 2024

Respectfully Submitted,

Consumer Financial Protection Bureau

ERIC HALPERIN
Enforcement Director

RICHA S. DASGUPTA
Deputy Enforcement Director

KATHLEEN A. CONNOLLY
Assistant Deputy Enforcement Director

**/s/ Christopher D. Jackson**
Christopher D. Jackson*
Senior Litigation Counsel
Virginia Bar No. 75027
Telephone: 202-435-5240
Email: christopher.jackson@cfpb.gov

Lindsey M. Siegel*
Senior Litigation Counsel
Georgia Bar No. 730072
Telephone: 202-407-0498
Email: lindsey.siegel@cfpb.gov

J. Khalid Hargrove*
Senior Litigation Counsel
D.C. Bar No. 989615
Telephone: 202-595-4944
Email: jimmy.hargrove@cfpb.gov

1700 G Street, NW
Washington, DC 20552

*Attorneys for Plaintiff*
*Consumer Financial Protection Bureau*

*Approved to appear *pro hac vice*

**NOTICE OF DISCLOSURE**

I certify that on July 12, 2024, I served Plaintiff's Initial Disclosures on Defendant's attorneys via email:

Clayton E. Bailey
Bailey Brauer PLLC
Campbell Centre I
8350 N. Central Expressway, Suite 650
Dallas, TX 75206
Email: cbailey@baileybrauer.com

Leonard L. Gordon
Benjamin E. Horowitz
Elizabeth Rineheart
Venable LLP
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
Email: lgordon@venable.com

**/s/ Lindsey M. Siegel**
Lindsey M. Siegel*
Senior Litigation Counsel
Georgia Bar No. 730072
Telephone: 202-407-0498
Email: lindsey.siegel@cfpb.gov

*Approved to appear *pro hac vice*