UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>ACTIVE NETWORK, LLC,<br><br>Defendant. | Case No. 4:22-cv-00898-ALM<br><br>ORAL HEARING REQUESTED |

**PLAINTIFF'S SUR-REPLY IN FURTHER RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Consumer Financial Protection Bureau ("Bureau") requests that this Court deny Defendant Active Network, LLC's ("Active's") Motion to Dismiss the Bureau's First Amended Complaint ("Complaint"), Dkt. 28. Active's Reply, Dkt. 43, misstates the legal standard for the statute of limitations, misrepresents the allegations, and misreads the merchant exception.

## I. Active misquotes the CFPA.

In support of its argument that the Bureau's UDAAP claim is time-barred, Active misquotes the Consumer Financial Protection Act's ("CFPA's") statute of limitations. In its Reply, Active states:

> [T]he statute of limitations accrues when the CFPB 'obtains *actual knowledge* of the facts giving rise to the action *or notice of the facts*, which *in the exercise of reasonable diligence, would have led to actual knowledge.*' 12 U.S.C. § 5564(g)(1) (emphasis added).

Dkt. 43 at 6. But that is not what the CFPA says. The CFPA states:

> Except as otherwise permitted by law or equity, no action may be brought under this title more than 3 years after the date of discovery of the violation to which an action relates.

12 U.S.C. § 5564(g)(1). Active's misquoting of the statute is a blatant attempt to impute an inquiry-notice standard where none exists: the CFPA requires actual knowledge of violations.

Active claims that the statute of limitations has run but fails to cite a single paragraph in the Complaint to support that allegation. And it cannot do so. The reply's reference to what Active calls "publicly available facts," misstates the standard. *See* Dkt. 43 at 4. Active only cites to its own motion, where it introduced new facts regarding a California lawsuit and suggested the Bureau would have known of the lawsuit because it was "widely publicized." Dkt. 43 at 6. This Court should reject Active's attempts to obtain dismissal at this early stage by misquoting the relevant statute of limitations and inserting its own contested factual assertions.

**II. The reply misrepresents the Complaint's allegations and the merchant exception.**

In addition to misquoting the CFPA, in its Reply, Active misrepresents the Complaint's allegations and mischaracterizes the clear language of the CFPA's merchant exception. First, despite Active's repeated claims to the contrary in its Reply, Dkt. 43 at 1-3, the Complaint does not allege that Active "sells event registrations" or as relevant here, that Active sells its *own* event registrations. Dkt. 3 at ¶¶ 1, 15-23, 27-31, 36. Rather, the Complaint alleges that Active processes payments for the purpose of registering consumers for events organized by third parties, and then transmits those funds (minus Active's fee) to those event organizers. *See generally id.*

Additionally, Active's Reply mischaracterizes the merchant exception to suit its view of the facts, by erroneously claiming that the exception "says nothing about the ownership of the product sold." Dkt. 43 at 3. Active is incorrect, and this argument directly contradicts the position it took in its opening motion that "the merchant exception … exempts … the payment activity of merchants *who are selling their own products*." Dkt. 28 at 2 (emphasis added). As

Active previously recognized, to qualify for the merchant exception, a payment processor like Active must engage in financial data processing *exclusively* to allow consumers to pay that person for "a nonfinancial good or service sold *directly by such person to the consumer*." 12 U.S.C. § 5481(15)(A)(vii) (emphasis added). Here, the covered person, Active, is not directly selling event registrations, because that good or service is being offered by the event organizer to the consumer. Active provides "third-party registration and payment processing services to consumers…," and Active's own webpages indicate that "Active has been providing 'online payment processing to event organizers for over 13 years.'" Dkt. 3 at ¶¶ 1, 27. Because Active is not processing payment data solely for the purpose of selling its own event registrations directly to consumers, it does not qualify for the merchant exception.

Moreover, because Active does not directly sell its own event registrations to consumers, the issue of whether Active also sells its own product, Active Advantage, in connection with its payment processing is not relevant to the analysis. The merchant exception explicitly provides that it only applies when the covered person engages in payment processing "*exclusively*" to sell the covered person's nonfinancial good or service. 12 U.S.C. § 5481(15)(A)(vii) (emphasis added). Active cannot evade culpability by misrepresenting the Complaint's well-pleaded allegations and mischaracterizing the merchant exception.

## III. Request for Oral Hearing

The Bureau requests that the Court schedule an oral hearing under Local Rule CV-7(g).

## IV. Conclusion

Because Active has failed to meet its burden to show that there are any grounds to dismiss the Bureau's well-pleaded Complaint, Active's motion to dismiss should be denied.

Dated: August 5, 2024

Respectfully Submitted,

Consumer Financial Protection Bureau

ERIC HALPERIN
Enforcement Director

RICHA S. DASGUPTA
Deputy Enforcement Director

KATHLEEN A. CONNOLLY
Assistant Deputy Enforcement Director

/s/ Lindsey M. Siegel
Lindsey M. Siegel*
Senior Litigation Counsel
Georgia Bar No. 730072
Telephone: 202-407-0498
Email: lindsey.siegel@cfpb.gov

Christopher D. Jackson*
Senior Litigation Counsel
Virginia Bar No. 75027
Telephone: 202-435-5240
Email: christopher.jackson@cfpb.gov

J. Khalid Hargrove*
Senior Litigation Counsel
DC Bar No. 989615
Telephone: 202-595-4944
Email: jimmy.hargrove@cfpb.gov

1700 G Street, NW
Washington, DC 20552

*Attorneys for Plaintiff*
*Consumer Financial Protection Bureau*

*Approved to appear *pro hac vice*

**CERTIFICATE OF SERVICE**

I certify that on August 5, 2024, I electronically filed Plaintiff's Sur-reply in Further Response to Defendant's Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

*/s/* Lindsey M. Siegel
Lindsey M. Siegel*